UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Civil Action No:
-------------------------------------------------------------X
ALL ISLAND COUNTER TOPS & MILLWORK INC.,
ANDREA SPINARIS and STEVEN LIDONNICI,

                         Plaintiffs,          ***COMPLAINT***

        -against-

TANIA SERPAS, ROMMEL GUTIERREZ, NICOLE
HEUBNER, CARLOS MANCHADO VILLAFRANCA,
ROBERTO ALVARADO BONILLA, JASON CASSAR,
JESUS GUARDADO and ROTA STONE INC.,

                         Defendants.

-------------------------------------------------------------X

Plaintiffs, **ALL ISLAND COUNTER TOPS & MILLWORK INC., ANDREA SPINARIS and STEVEN LIDONNICI** (collectively "Plaintiffs"), by their Attorney, **THE ENZA BRANDI LAW FIRM, PLLC,** as and for their Complaint against **TANIA SERPAS, ROMMEL GUTIERREZ, NICOLE HEUBNER, CARLOS MANCHADO VILLAFRANCA, ROBERTO ALVARADO BONILLA, JASON CASSAR, JESUS GUARDADO** and **ROTA STONE INC.,** (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages in connection with Defendants' conspiracy, theft and multiple flagrant breaches of the duty of loyalty and fiduciary duty owed to the Plaintiffs.

2. Upon information and belief, in or about 2017, Defendants Serpas and Gutierrez orchestrated an enterprise for the purpose of ongoing theft of materials, labor and time from the Plaintiffs, which was carried out with the assistance of the remaining

Defendants. While employed by the Plaintiff ALL ISLAND COUNTER TOPS & MILLWORK INC. (hereinafter "All Island"), the Defendants systematically defrauded the Plaintiffs, stealing hundreds of thousands of dollars in stone materials through Plaintiffs' account. In addition, Defendants utilized Plaintiff's warehouse and labor for preparation of the materials for installation, and performed the installations during the workday while in the course of employment with the Plaintiffs using Plaintiffs' trucks; all in breach of their duties of loyalty and fiduciary duties to the Plaintiffs.

3. Defendants scheme to defraud the Plaintiffs and to obtain money and materials in furtherance of their systematic scheme to defraud was done by means of false or fraudulent transmissions through internet communications. Specifically, Defendants accessed Plaintiffs' Quickbooks system as a means to electronically obtain and /or transfer funds from Plaintiffs' bank accounts, in violation of 18 U.S.C. §1343.

4. Moreover, Defendants utilized false and fraudulent pretenses to obtain money, funds, credits and assets from Plaintiffs' bank accounts to fund their fraudulent scheme, in violation of 18 U.S.C. §1344.

5. Defendants further utilized electronic access to bank accounts and internet communications to order materials to be delivered intra-state, to the Plaintiffs' place of business, for use by Defendants in their fraudulent scheme.

6. Such internet access was done with intent to defraud the Plaintiffs, to electronically order materials and/or access funds, in furtherance of their fraudulent scheme and in violation of 18 U.S.C. §§1343 & 1344.

7. As a direct and proximate result of the Defendants' blatant conspiracy and theft, Plaintiffs have suffered damages in an amount believed to be in excess of One Million

Five Hundred Thousand ($1,500,000.00) Dollars, together with damages incurred for wages paid to the Defendants for time spent in providing work, labor and services for their own financial gain, done during the workday and while being paid wages by the Plaintiffs, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars.

### JURISDICTION AND VENUE:

8.  This Court has subject matter jurisdiction over Plaintiffs' claims under 18 U.S.C. §§1343 & 1344, pursuant to 28 U.S.C. §1331. This Court also has subject matter jurisdiction for Defendants' violation of Title IX of the Organized Crime Control Act of 1970, with predicate acts found in Defendants' violation of 18 U.S.C. §§1343 & 1344.

9.  This Court further has diversity jurisdiction pursuant to 28 U.S.C. §1332, as claimed damages against Defendant Nicole Heubner, a citizen of the State of South Carolina, exceeds $75,000.00.

10. Venue is proper in this District pursuant to 28 USC §1391(b) & (c) because Defendants reside in this District and were employed by the Plaintiffs in this District, and all or a substantial part of the events giving rise to the instant claims occurred within this District.

### THE PARTIES

11. At all relevant times hereto, Plaintiff ALL ISLAND COUNTER TOPS & MILLWORK INC. ("Plaintiff" or "All Island") was and still is a New York corporation with its principal place of business at 275 Adams Blvd., Farmingdale, County of Nassau, State of New York 11735.

12. At all relevant times hereto, Plaintiff ALL ISLAND did and still does operate as a Wholesale Fabricator and Commercial Millwork Shop, specializing in surfacing needs, including Quartz, Granite, Marble, Solid Surface, Laminate and other stone and surfacing products.

13. At all relevant times hereto, Plaintiff ANDREA SPINARIS ("Plaintiff" or "Spinaris") was and still is a resident of the County of Suffolk, State of New York.

14. At all relevant times hereto, Plaintiff STEVEN LIDONNICI ("Plaintiff" or "Lidonnici") was and still is a resident of the County of Suffolk, State of New York.

15. Upon information and belief, Defendant TANIA SERPAS ("Defendant" or "Serpas") was and still is a resident of the County of Nassau, State of New York.

16. At all relevant times hereto, SERPAS worked as the Office Manager and Accounts Manager for Plaintiff All Island.

17. At all relevant times hereto, SERPAS was responsible for accounts payable, accounts receivable, and overseeing and initiating the finances for all of Plaintiff's business transactions.

18. Upon information and belief, Defendant ROMMEL GUTIERREZ ("Defendant" or "Gutierrez") was and still is a resident of the County of Nassau, State of New York.

19. At all relevant times hereto, GUTIERREZ worked as the Shop Manager for Plaintiff All Island.

20. At all relevant times hereto, GUTIERREZ was responsible for overseeing and initiating all of Plaintiff's day-to-day business operations.

21. Upon information and belief, Defendant NICOLE HEUBNER ("Defendant" or "Heubner") was and still is a resident of the County of Richland, State of South Carolina.

22. At all relevant times hereto, HEUBNER was an Assistant to the Office Manager SERPAS.

23. At all relevant times hereto, HEUBNER had access to, and worked with the accounts payable, accounts receivable and overseeing and finances for all of Plaintiff's business transactions.

24. Upon information and belief, Defendant CARLOS MANCHADO VILLAFRANCA ("Defendant" or "Villafranca") was and still is a resident of the County of Suffolk, State of New York.

25. At all relevant times hereto, VILLAFRANCA worked as a Lead Installer for Plaintiff All Island.

26. At all relevant times hereto, VILLAFRANCA oversaw and actually performed installation of the materials for Plaintiff's jobs.

27. Upon information and belief, Defendant ROBERTO ALVARADO BONILLA ("Defendant" or "Bonilla") was and still is a resident of the County of Suffolk, State of New York.

28. At all relevant times hereto, BONILLA worked as the assistant to the Lead Installer Villafranca.

29. Upon information and belief, Defendant JASON CASSAR ("Defendant" or "Cassar") was and still is a resident of the County of Nassau, State of New York.

30. At all relevant times hereto, CASSAR worked as a Lead Installer for Plaintiff All Island.

31. At all relevant times hereto, CASSAR oversaw and actually performed installation of the materials for Plaintiff's jobs.

32. Upon information and belief, Defendant JESUS GUARDADO ("Defendant" or "Guardado") was and still is a resident of the County of Suffolk, State of New York.

33. At all relevant times hereto, GUARDADO worked as a Polisher for the Plaintiff All Island.

34. At all relevant times hereto, Defendant ROTA STONE INC. (hereinafter "Defendant" or "Rota") was and still is a New York corporation with its principal place of business at 321 Park Ave., Freeport, NY 11520.

35. Upon information and belief, Defendant Rota was incorporated by the Defendants SERPAS and GUTIERREZ.

36. Upon information and belief and at all relevant times hereto, Defendant ROTA operates as a Wholesale Fabricator and Commercial Millwork Shop utilizing materials, labor, time and customers stolen from the Plaintiffs.

37. Upon information and belief and at all relevant times hereto, Defendant ROTA was formed for the ultimate purpose of operating the organized enterprise founded by the Defendants upon the fraud and theft perpetrated against the Plaintiffs.

## **THE UNDERLYING FACTS**

38. At all times relevant hereto, Defendants were employees of the Plaintiff ALL ISLAND, employed in various positions at Plaintiff's wholesale fabricator commercial millwork shop.

39. From in or about 2017, Defendants SERPAS and GUTIERREZ organized, orchestrated, and conspired with the Defendants HEUBNER, VILLAFRANCA, BONILLA, CASSAR and GUARDADO to steal hundreds of thousands of dollars in materials, labor, time and customers from the Plaintiffs.

40. Upon information and belief and at all times relevant hereto, Plaintiffs recently discovered that, since in or about 2017, Defendants GUTIERREZ and SERPAS had organized an enterprise, enlisting the help of the Defendants HEUBNER, VILLAFRANCA, BONILLA, CASSAR and GUARDADO as laborers in various positions.

41. The organization of the enterprise as aforesaid was done in furtherance of an illicit business operated through the use of Plaintiff's shop, materials, tools, computer system, funds, labor and work-time, for the Defendants' own financial gain.

42. Specifically, upon information and belief and at all times relevant hereto, since in or about 2017, both during and after the course of the workday with the Plaintiffs, Defendants ordered, utilized and purchased materials through the Plaintiff's business, and managed and performed work for their own "side business," through Plaintiffs' shop and during working hours while being paid by the Plaintiffs.

43. Upon information and belief and at all times relevant hereto, during and after working hours, Defendants utilized Plaintiffs' confidential information and computer system to access and utilize the Plaintiffs' vendor lists.

44. Upon information and belief and at all times relevant hereto, materials were ordered through electronic means of access to Plaintiffs' bank accounts, and internet communications both inter and intra-state for payment and delivery of materials.

45. Upon information and belief and at all times relevant hereto, materials were ordered and utilized by the Defendants for their own personal "side jobs" and financial gain during working hours.

46. Upon information and belief and at all times relevant hereto, the aforesaid materials were paid for by ordering through Plaintiffs' Quickbooks program, linked to the

Plaintiff's bank accounts and/or credit cards and ultimately paid for with Plaintiffs' funds.

47. Defendants attempted to cover up their theft as aforesaid by deleting the relevant Quickbooks pages from the Plaintiffs' database.

48. Plaintiffs' ultimate discovery of the organized and systematic theft, fraud and conversion was only ultimately made in or about October of 2024.

49. Upon information and belief and at all times relevant hereto, since in or about 2017 and during the course of the workday with the Plaintiffs, Defendants cut, fabricated, sized, polished and otherwise prepared the materials for installation utilizing Plaintiffs' laborers and Plaintiffs' shop, tools and materials.

50. Upon information and belief and at all times relevant hereto, since in or about 2017 and during the course of the workday with the Plaintiffs, Defendants utilized Plaintiffs' trucks for transport of the materials stolen from Plaintiffs, for installation on their own jobs, both within and without the State of New York.

51. Upon information and belief and at all times relevant hereto, since in or about 2017, much of Defendants "side business" was performed during business hours in which they were working for, and being paid by, the Plaintiffs.

52. Upon information and belief and at all times relevant hereto, since in or about 2017, Defendants claimed to have been working overtime, while actually performing jobs for their own financial benefit with the material, time, labor and customers stolen from the Plaintiffs.

53. Upon information and belief and at all times relevant hereto, Defendants manipulated shop schedules in order to perform the installation of their own jobs during the workday in which they were being paid by the Plaintiffs.

54. Toward this illegal and illicit enterprise, upon information and belief, Defendants SERPAS and GUTIERREZ incorporated Defendant ROTA STONE INC. to be operated as a competing business to Plaintiff ALL ISLAND, and utilized ROTA for installation jobs using materials, labor, time and customers stolen from the Plaintiffs.

55. Upon information and belief and at all times relevant hereto, Defendants SERPAS, GUTIERREZ and HEUBNER, incorporated, organized and managed ROTA utilizing Plaintiff's computer and during the workday while being paid by the Plaintiffs.

56. Upon information and belief and at all times relevant hereto, during the course of their workday with the Plaintiffs, Defendant SERPAS utilized the Plaintiffs' computers systems to set up ROTA, including the incorporation thereof, and the obtaining of necessary insurances.

57. Upon information and belief and at all times relevant hereto, during the course of their workday with the Plaintiffs, Defendant SERPAS, with the assistance of the Defendant HEUBNER, utilized Plaintiff's computer system and vendor portals to invoice and priced out customers for their own profit.

58. Upon information and belief and at all times relevant hereto, Defendants SERPAS and HEUBNER, during the course of their workday with the Plaintiffs, utilized Plaintiff's computer, vendor portals and Quickbooks system to order material for use by the Defendants GUTIERREZ, VILLAFRANCA, BONILLA, CASSAR and GUARDADO on the "side business."

59. Upon information and belief and at all times relevant hereto, Defendants SERPAS and HEUBNER, during the course of their workday with the Plaintiffs, paid for the

materials from the Plaintiff's bank account(s) and credit card(s), which materials were used by the Defendants for their own profit and gain.

60. Upon information and belief and at all times relevant hereto, Defendants SERPAS and HEUBNER, during the course of their workday with the Plaintiffs, sent invoices to customers using Plaintiff's Quickbooks system, for jobs payable to the ROTA and/or to Defendant GUTIERREZ.

61. Upon information and belief and at all times relevant hereto, Defendants SERPAS and HEUBNER, during the course of their workday with the Plaintiffs, Defendants SERPAS and HEUBNER improperly marked customer sales tax resale certificate to avoid and/or manipulate taxes, and thereafter deleted such transactions from Plaintiff's Quickbooks system.

62. Upon information and belief and at all times relevant hereto, Defendants utilized confidential information taken from the Plaintiffs' computers, vendor portals and Quickbooks system.

63. The Defendants, and each of them, knowingly, willingly and intentionally participated in, and carried out, the organized scheme to defraud and steal from the Plaintiffs.

64. Upon discovery, in or about October of 2024, of the theft and the creation of the enterprise comprised of all Defendants, to carry out the fraud and conversion as aforesaid, Plaintiffs commenced this action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Conversion Against All Defendants)

65. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

66. Defendants' use of Plaintiffs' materials, funds, warehouse, tools, trucks, computers, vendor portals, QuickBooks systems and time was unauthorized by, and unknown to the Plaintiffs and constituted a theft.

67. Defendants' use of Plaintiffs' materials, funds, warehouse, tools, trucks, computers, vendor portals, QuickBooks systems and time was done with the knowledge that same would be to the financial detriment of the Plaintiffs.

68. Defendants' actions constituted an intentional conversion for Defendants' own financial gain, to the detriment of the Plaintiffs.

69. Defendants' use of Plaintiffs' materials, funds, warehouse, tools, trucks, computers, vendor portals, QuickBooks systems and time was intentionally done to the exclusion of Plaintiffs' rights to the aforesaid.

70. As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount to be determined at trial, but believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Fraud Against All Defendants)

71. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

72. From in or about 2017, Defendants and each of them, while purporting to work for the Defendants, fraudulently used Plaintiffs' warehouse, trucks, tools, labor, time and materials in furtherance of their own business.

73. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ and SERPAS, formulated and organized the enterprise designed, since 2017, to steal from and defraud the Plaintiffs for their own financial gain.

74. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ and SERPAS, with the assistance of the Defendant HEUBNER, incorporated the Defendant ROTA STONE INC. for the purpose of furthering the enterprise organized by GUTIERREZ AND SERPAS and designed to steal from and defraud the Plaintiffs.

75. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ, SERPAS and HEUBNER have been conducting fraudulent transfers through Plaintiffs' Quickbooks system, credit cards and checking account, in furtherance of the organized enterprise intended to defraud the Plaintiffs.

76. Upon information and belief, and at all times relevant hereto, VILLAFRANCA, BONILLA, CASSAR and GUARDADO, knowingly cooperated and assented to the fraudulent transfers conducted by Defendants GUTIERREZ, SERPAS and HEUBNER, for their own financial gain.

77. That the Defendants, and each of them, conducted their own "side business" during the workday, while being paid by the Defendants and under pretext that the Defendants were performing the work for which they were hired, on Plaintiffs' time.

78. Upon information and belief, and at all times relevant hereto, Defendants knowingly and intentionally made material misrepresentations to the Plaintiffs, that they were performing work, labor and services on behalf of the Plaintiffs while instead utilizing Plaintiffs' warehouse, tools, funds, trucks, materials and labor for their own benefit.

79. As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount to be determined at trial, but believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of 18 USC §1343 Against All Defendants)

80. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

81. The enterprise and the scheme to defraud the Plaintiffs was intentionally devised and/or participated in by all Defendants.

82. In carrying out the enterprise and the scheme to defraud the Plaintiffs, Defendants employed the use of online access and internet communications with Plaintiffs' banking institution, suppliers of materials fraudulently ordered and, upon information and belief, Defendants' customers serviced with Plaintiffs' paid labor and materials.

83. The enterprise and the scheme was intentionally devised and/or participated in by all Defendants for the purpose of (a) stealing money from the Plaintiffs by fraudulently ordered materials, for their own use, through Plaintiffs' banking institutions; (b) fraudulently utilizing Plaintiffs' shop for the purpose of preparing materials purchased with Plaintiffs' funds and utilizing Plaintiffs' tools and vehicles for "side jobs" performed by Defendants for their sole financial gain; (c) fraudulently stealing work, labor and services by performing Defendants' "side jobs" during working hours, while being paid by the Plaintiffs to perform Plaintiffs' work.

84. The enterprise was carried out by collusion between the Defendants by defrauding the Plaintiffs and without Plaintiffs' knowledge of the fraudulent enterprise.

85. Upon information and belief, and at all times relevant hereto, while fraudulently utilizing internet connections and online communications to carry out the fraudulent scheme, Defendants knowingly and intentionally made material misrepresentations to the Plaintiffs, that they were performing work, labor and services on behalf of the Plaintiffs while instead utilizing Plaintiffs' warehouse, tools, funds, trucks, materials and labor for their own benefit.

86. By the aforesaid actions, Defendants are in violation of 18 USC §1343.

87. As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount to be determined at trial, but believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of 18 USC §1344 Against All Defendants)

88. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

89. The enterprise and the scheme to defraud the Plaintiffs was intentionally devised and/or participated in by all Defendants.

90. In carrying out the enterprise and the scheme to defraud the Plaintiffs, and unbeknownst to the Plaintiffs, Defendants accessed Plaintiffs' banking institution and fraudulently utilized Plaintiffs' funds for purchase of materials for their own use and financial benefit.

91. Defendants accessed funds through online and/or electronic use of Plaintiffs' QuickBooks system to order materials and supplies, thereafter attempting to delete the fraudulent QuickBooks orders.

92. The aforesaid was carried out by collusion between the Defendants with intent to defraud the Plaintiffs and steal funds from Plaintiffs' bank accounts without Plaintiffs' knowledge.

93. By the aforesaid actions, Defendants are in violation of 18 USC §1344.

94. As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount to be determined at trial, but believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Aiding and Abetting Fraud Against All Defendants)

95. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

96. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ and SERPAS, formulated and organized the enterprise designed, since 2017, to steal from and defraud the Plaintiffs for their own financial gain.

97. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ and SERPAS, with the assistance of the Defendant HEUBNER, incorporated the Defendant ROTA STONE INC. for the purpose of furthering the enterprise organized by GUTIERREZ and SERPAS, designed to steal from, and defraud, the Plaintiffs.

98. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ and SERPAS, with the assistance of the Defendant HEUBNER, incorporated the Defendant ROTA STONE INC. for the purpose of furthering the enterprise organized by GUTIERREZ and SERPAS, designed to steal from and defraud the Plaintiffs.

99. Upon information and belief, and at all times relevant hereto, Defendants GUTIERREZ, SERPAS and HEUBNER have been conducting fraudulent transfers through Plaintiffs' Quickbooks system, credit cards and checking account, in furtherance of the organized enterprise intended to defraud the Plaintiffs.

100.   Upon information and belief, and at all times relevant hereto, Defendants VILLAFRANCA, BONILLA, CASSAR and GUARDADO, knowingly and intentionally cooperated with the Defendants GUTIERREZ, SERPAS and HEUBNER in the fraudulent scheme.

101.   Upon information and belief, and at all times relevant hereto, Defendants VILLAFRANCA, BONILLA, CASSAR and GUARDADO, knowingly and intentionally cooperated with the Defendants GUTIERREZ, SERPAS and HEUBNER in the intentional and knowing violation of 18 USC §1343. Upon information and belief, and at all times relevant hereto, Defendants VILLAFRANCA, BONILLA, CASSAR and GUARDADO, knowingly and intentionally cooperated with the Defendants GUTIERREZ, SERPAS and HEUBNER in the intentional and knowing violation of 18 USC §1344.

102.   As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount to

be determined at trial, but believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Federal RICO Violations Against All Defendants)

103.    Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

104.    Upon information and belief, the Defendants have systematically and collectively utilized Plaintiffs' warehouse, materials, funds, tools, trucks, labor and time in furtherance of their illicit "side business."

105.    The Defendants' participation, since in or about 2017, in the organized scheme to systematically steal materials, funds, tools, unauthorized use of trucks and warehouse, labor and time from the Plaintiffs was effectuated by means of false or fraudulent transmissions through internet communications. Specifically, Defendants accessed Plaintiffs' Quickbooks system as a means to electronically obtain and /or transfer funds from Plaintiffs' bank accounts, in violation of 18 U.S.C. §1343. Defendants also used internet access to order and pay for materials, funded electronically through the Plaintiffs' bank accounts.

106.    Defendants use of false and fraudulent pretenses to obtain money, funds, credits and assets from Plaintiffs' bank accounts to fund their fraudulent scheme, was in violation of 18 U.S.C. §1344.

107.    Such internet access was done with intent to defraud the Plaintiffs, to electronically order materials and/or access funds, in furtherance of their fraudulent scheme and in violation of 18 U.S.C. §§1343 & 1344.

108.    The Defendants' participation was knowing and intentional.

109.    The Defendants' participation in the enterprise was toward the common goal of having a "side business" using Plaintiffs' warehouse, materials, funds, tools, trucks, labor and paid time.

110.    The Defendants' participation in the enterprise was for their own financial gain, to the detriment and loss of the Plaintiffs.

111.    As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount equal to twice the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, for total damages believed to be in excess of Three Million ($3,000,000.00) Dollars, together with interest, costs and legal fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (New York State RICO Violations Against All Defendants)

112.    Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

113.    Upon information and belief, since in or about 2017, the Defendants have systematically and collectively utilized Plaintiffs' warehouse, materials, funds, tools, trucks, labor and time in furtherance of their illicit "side business."

114.    The Defendants, and each of them, participated in the organized scheme to systematically steal materials, funds, tools, unauthorized use of trucks and warehouse, labor and time from the Plaintiffs.

115.    Defendants' theft, fraud, conversion and participation in the organized effort to do so, was systematic and ongoing since on or about 2017.

116.    On or about 9/27/2023, Defendants ultimately formed the corporation, Defendant ROTA STONE INC. for the purpose of furthering the criminal enterprise commenced in or about 2017.

117.    Defendants' organized enterprise was conducted for the purpose of converting, using and maintaining interest in Plaintiffs' materials, funds, tools, unauthorized use of trucks and warehouse, labor and time.

118.    Defendants each participated in the organized enterprise with, among other knowing and intentional acts, the contribution of their own "specialty" determined by the experience and training gained in their respective positions as employees of the Plaintiffs.

119.    The Defendants' theft and conversion of Plaintiffs' warehouse, materials, funds, tools, trucks, labor and time occurred both within and without the State of New York.

120.    In furtherance of their organized and systematic scheme to defraud and convert Plaintiffs' warehouse, materials, funds, tools, trucks, labor and time, Defendants repeatedly and systematically utilized online transfers of Plaintiffs' funds.

121.    The Defendants' participation was knowing and intentional.

122.    The Defendants' participation in the enterprise was toward the common goal of having a "side business" using Plaintiffs' warehouse, materials, funds, tools, trucks, labor and paid time.

123.    The Defendants' participation in the enterprise was for their own financial gain, to the detriment and loss of the Plaintiffs.

124.    As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount

equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, for total treble damages believed to be in excess of Four Million Five Hundred Thousand ($4,500,000.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty Against Defs. Serpas, Heubner & Gutierrez)

125. Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

126. Defendant SERPAS, in her position as Office Manager for many years with the Plaintiffs' business, was granted authorized use of Plaintiffs' computers, Quickbooks system and vendor lists, and access to Plaintiffs' funds, credit cards and bank accounts.

127. Defendant HEUBNER, in her position as an Assistant Office Manager to Defendant SERPAS for many years with the Plaintiffs' business, was granted authorized use of Plaintiffs' computers, Quickbooks system and vendor lists, and access to Plaintiffs' funds, credit cards and bank accounts.

128. Defendant GUTIERREZ, in his position as Manager of Plaintiffs' warehouse and shop, was granted authorized control over the Plaintiffs' material, labor, trucks, and workmen.

129. Defendants SERPAS, HEUBNER and GUTIERREZ, were each in a fiduciary position vis-à-vis the Plaintiffs.

130. Defendants SERPAS, HEUBNER and GUTIERREZ, used their fiduciary position vis-à-vis the Plaintiffs to intentionally organize and participate in the enterprise

created by the Defendants, to steal and defraud the Plaintiffs, and to convert Plaintiffs' warehouse, materials, funds, tools, trucks, labor and paid time, for the sole financial gain of the Defendants.

131.  In their actions as aforesaid, Defendants SERPAS, HEUBNER and GUTIERREZ, knowingly and intentionally breached their fiduciary duties to the Plaintiffs.

132.  As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants SERPAS, HEUBNER and GUTIERREZ, jointly and severally, in an amount equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (Aiding and Abetting Breach of Fiduciary Duty
#### Against Defs. Villafranca, Bonilla, Cassar & Guardado)

133.  Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

134.  Defendants Villafranca, Bonilla, Cassar & Guardado had knowledge of the use by Defendants Serpas and Heubner of Plaintiffs' computers, Quickbooks system and vendor lists, and access to Plaintiffs' funds, credit cards and bank accounts in furtherance of the enterprise organized and utilized for the purpose of theft, fraud and conversion against the Plaintiffs.

135.  Defendants Villafranca,  Bonilla, Cassar & Guardado had knowledge of the use by Defendant Gutierrez of Plaintiffs' warehouse, tools, workmen, materials and time in furtherance of the enterprise organized and utilized for the purpose of theft, fraud and conversion against the Plaintiffs.

136.    Defendants Villafranca, Bonilla, Cassar & Guardado knowingly participated in the breach of fiduciary duty by Defendants Serpas, Heubner and Gutierrez of their fiduciary duties toward the Plaintiff.

137.    As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants Villafranca, Bonilla, Cassar & Guardado, jointly and severally, in an amount equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Unjust Enrichment Against all Defendants)

138.    Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

139.    The operation by Defendants of a "side business" from Plaintiffs' warehouse, utilizing Plaintiffs' materials, funds, labor, tools, trucks and vendor lists for their own financial gain during and after working hours with the Plaintiffs, was done for the Defendants' own financial gain to the detriment of the Plaintiffs.

140.    The operation by Defendants of a "side business" as aforesaid, did, in fact, financially benefit the Defendants by performing "side jobs" utilizing Plaintiffs' warehouse, utilizing Plaintiffs' materials, funds, labor, tools, trucks and vendor lists during and after working hours.

141.    The operation by Defendants of a "side business" as aforesaid, did, in fact, financially benefit the Defendants by collecting wages from the Plaintiffs while

performing "side jobs" utilizing Plaintiffs' warehouse, utilizing Plaintiffs' materials, funds, labor, tools, trucks and vendor lists during and after working hours.

142.   As a result of the Defendants' actions as aforesaid, Defendants have been unjustly enriched, to the severe detriment of the Plaintiffs.

143.   As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Faithless Servant Doctrine Against all Defendants)

144.   Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

145.   Since in or about 2017, the Defendants, unbeknownst to the Plaintiffs, continued the enterprise of preparing, fabricating and installing materials in Plaintiffs' warehouse that were purchased with Plaintiffs' funds and performing their own "side" installations during working hours while being paid by the Plaintiffs, using Plaintiffs trucks for transport.

146.   Upon information and belief, Defendants used their respective positions, training, knowledge and expertise to profit by running a "side business" while under pretext of performing work for the Plaintiffs, and while being paid by the Plaintiffs.

147.   Upon information and belief, Defendants profited through the enterprise organized to defraud and steal from the Plaintiffs for the sole financial benefit of the Defendants, and each of them.

148.    Upon information and belief, the Defendants' actions as aforesaid constituted illicit, illegal activity designed to financially enrich themselves at Plaintiffs' expense.

149.    Upon information and belief, the Defendants' actions as aforesaid were in clear contradiction to their respective obligations as employees of the Plaintiffs.

150.    Upon information and belief, the Defendants' further breached confidentiality obligations to the Plaintiffs in accessing and utilizing the Plaintiffs' materials, funds, labor, tools, trucks and vendor lists during and after working hours, for their own personal and financial benefit.

151.    In purporting to be carrying out their employment obligations to the Plaintiffs while instead diverting hundreds of thousands of dollars in materials, labor and time for their own financial gain, Defendants knowingly and purposely acted in a disloyal manner adverse to Plaintiffs' interests.

152.    Unbeknownst to the Plaintiffs, such disloyalty permeated the employment relationship between the Plaintiffs and the Defendants in a most material and substantial part.

153.    As a direct and proximate result of Defendants' knowing and intentional disloyalty during the period of their respective employment with the Plaintiffs, Defendants have forfeited their rights to any and all compensation for services allegedly rendered by them during their periods of employment.

154.    As a direct and proximate result of Defendants' knowing and purposeful disloyalty in their employment with the Plaintiffs, Plaintiffs have and will suffer damages in an amount to be determined at trial, plus interest thereon, costs and disbursements of this action and attorney's fees.

155.   As a direct and proximate result of Defendants' disloyalty during the period of their employment with the Plaintiffs, Plaintiffs are entitled to forfeiture of any and any and all compensation paid to the Defendants, and each of them, from 2017 to the end of Defendants' respective employment period.

156.   As a direct and proximate result thereof, Plaintiffs were damaged, and are entitled to judgment against the Defendants, jointly and severally, in an amount equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Six Hundred Thirty-Two Thousand Four Hundred Eighty-Eight ($1,632,488.00) Dollars, together with interest, costs and legal fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Constructive Trust Over Defendant Rota Stone Inc.)

157.   Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

158.   The formation of the corporation Rota Stone Inc. was done with the funds illicitly gotten through the Defendants' theft and conversion of Plaintiffs' materials, funds, labor, tools, trucks and vendor lists, during and after working hours with the Plaintiffs.

159.   The formation and operation of the corporation Rota Stone Inc. was a result of the breach of duty and trust of the Defendants, and each of them in their respective positions with the Plaintiffs.

160.   The formation and operation of the corporation Rota Stone Inc. was a result of the Defendants, and each of them, falsely utilizing their respective positions with the Plaintiffs for which they were hired and paid, to their own financial gain.

161.  The corporation Rota Stone Inc. was unjustly enriched through the theft, fraud, conversion and breach of duty and loyalty by the Defendants, and each of them.

162.  As a result thereof, equity and conscience dictates that a constructive trust be established over the Defendant corporation Rota Stone Inc. and all assets associated therewith.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Equitable Accounting Over All Defendants)

163.  Plaintiffs repeat, reiterate and reallege each and every allegation heretofore made as if fully set forth herein.

164.  The Defendants, and each of them, were in a position of trust, expected loyalty and confidence with the Plaintiffs.

165.  Through the practiced and systematic enterprise of theft, conversion and fraud against the Plaintiffs, Defendants breached their respective duties to the Plaintiffs.

166.  As a result thereof, the Defendants have been unjustly enriched, to the severe detriment of the Plaintiffs.

167.  As a result thereof, the Plaintiffs are entitled to an Accounting by the Defendants, jointly and severally, as to all monies, materials, assets and time improperly and illicitly taken from the Plaintiffs.

168.  As a result thereof, Plaintiffs demand judgment mandating an accounting by the Defendants, and each of them, for all monies, materials, assets and time improperly and illicitly taken from the Plaintiffs.

169.  As a result thereof, Plaintiffs demand judgment mandating an accounting of the names, addresses and billing information for all "side jobs" performed by the Defendants during working and after hours with the Plaintiffs.

170.    As a result thereof, Plaintiffs demand judgment mandating an accounting of

monies, materials, assets and time taken from the Plaintiffs while performing "side

jobs" during and after working hours with the Plaintiffs.

**WHEREFORE,** Plaintiffs **ALL ISLAND COUNTER TOPS & MILLWORK**

**INC., ANDREA SPINARIS and STEVEN LIDONNICI** respectfully requests that

this Court grant judgment in favor of the Plaintiffs and against the Defendants

**SERPAS, GUTIERREZ, HEUBNER, VILLAFRANCA, BONILLA, CASSAR and**

**GUARDADO and ROTI STONE INC.,** in this action as follows:

(a) On the First Cause of Action alleging Conversion against all Defendants, jointly
and severally, in an amount to be determined at trial, believed to be in excess of
One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with
interest, costs and legal fees; and

(b) On the Second Cause of Action alleging Fraud against all Defendants, jointly and
severally, in an amount to be determined at trial, believed to be in excess of S One
Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest,
costs and legal fees; and

(c) On the Third Cause of Action alleging violation of 18 USC §1343 against all
Defendants, jointly and severally, in an amount to be determined at trial, believed
to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars,
together with interest, costs and legal fees; and

(d) On the Fourth Cause of Action alleging violation of 18 USC §1344 against all
Defendants, jointly and severally, in an amount to be determined at trial, believed
to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars,
together with interest, costs and legal fees; and

(e) On the Fifth Cause of Action alleging Aiding and Abetting Fraud against all
Defendants, jointly and severally, in an amount to be determined at trial, believed
to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars,
together with interest, costs and legal fees; and

(f) On the Sixth Cause of Action alleging Federal RICO Violations against all
Defendants, jointly and severally, in an amount equal to three times the actual
damages in an amount to be determined at trial, believed to be in excess of One
Million Five Hundred Thousand ($1,500,000.00), for total double damages
believed to be in excess of Three Million ($3,000,000.00) Dollars, together with
interest, costs and legal fees; and

(g) On the Seventh Cause of Action alleging New York State RICO Violations against all Defendants, jointly and severally, in an amount equal to three times the actual damages in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00), for total treble damages believed to be in excess of Four Million Five Hundred Thousand ($4,500,000.00) Dollars, together with interest, costs and legal fees; and

(h) On the Eighth Cause of Action alleging Breach of Fiduciary Duty against Defendants Serpas, Heubner and Gutierrez, jointly and severally, in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees; and

(i) On the Ninth Cause of Action alleging Aiding and Abetting Breach of Fiduciary Duty against Defendants Villafranca, Bonilla, Cassar & Guardado, jointly and severally, in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees; and

(j) On the Tenth Cause of Action alleging Unjust Enrichment against all Defendants, jointly and severally, in an amount to be determined at trial, believed to be in excess of One Million Five Hundred Thousand ($1,500,000.00) Dollars, together with interest, costs and legal fees; and

(k) On the Eleventh Cause of Action alleging Faithless Servant Doctrine against all Defendants, jointly and severally, in an amount equal to any and all compensation paid to the Defendants from 2017 to date, in an amount to be determined at trial, believed to be in excess of One Million Six Hundred Thirty-Two Thousand Four Hundred Eighty-Eight ($1,632,488.00) Dollars, together with interest, costs and legal fees; and

(l) On the Twelfth Cause of Action establishing a Constructive Trust over the Defendant Rota Stone Inc. and all assets contained therein, together with interest, costs and legal fees; and

(m) On the Thirteenth Cause of Action, judgment mandating an accounting by the Defendants, jointly and severally, for (i) all monies, materials, assets and time improperly and illicitly taken from the Plaintiffs; and (ii) names, addresses and billing information for all "side jobs" performed by the Defendants during working and after hours with the Plaintiffs; and (iii) all monies, materials, assets and time gained taken from the Plaintiffs while performing "side jobs" during and after working hours with the Plaintiffs, together with interest, costs and legal fees; and

(n) For such other and further relief as this Court deems just and equitable.

28

Dated:    Huntington, New York
           February 10, 2025

                            Respectfully submitted,

                            The Enza Brandi Law Firm, PLLC
                            310 West Hills Road
                            Huntington, New York 11746
                            Tel: 631.757.7471 / Fax: 631.239.8728
                            eb@enzathelawyer.com