

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 21, 2025

<u>VIA CM/ECF</u>
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Re:   *All Island Counter Tops & Millwork Inc. et al v. Serpas et al*, No. 25 Civ. 0744

Dear Judge Azrack,

We represent Defendants Robert Alvarado, Jason Cassar, Jesus Guardado, Carlos Franca, Tania Serpas, Rommel Gutierrez, and Nicole Huebner (collectively "Defendants") in the above referenced matter. We write with counsel for Defendant Rota Stone Inc. pursuant to Your Honor's Individual Rules of Practice IV(B) to jointly request a pre-motion conference in anticipation of Defendants' Motion to Dismiss.

Defendants would like to submit a Motion to Dismiss the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants are all former employees of All Island Counter Tops & Millwork Inc. and worked for the company for many years and were paid low wages. Indeed, on October 9, 2024, Defendants sent Plaintiffs a tolling agreement and pre-litigation demand letter outlining the Plaintiffs' multiple wage and hour violations. During the two months following Plaintiffs' receipt of the demand letter, they hired two law firms, both of whom stonewalled Defendants' counsel all the while plotting their revenge against Defendants for rightfully asserting unpaid wage violations.

In retaliation for these former employees seeking their lawfully owed wages[1], Plaintiffs herein sued them asserting 13 causes of action for: conversion, fraud, wire fraud, bank fraud, aiding and abetting, racketeer influenced and corrupt organization violations, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, faithless servant doctrine, constructive trust, and equitable accounting. In furtherance of this outlandish retaliation, Plaintiffs are seeking to hold Defendants civilly liable for CRIMINAL statutes. Additionally, Plaintiffs are seeking more than $12,000,000 in damages from office staff and laborers.

Surprisingly, upon information and belief, prior to receiving Defendants' demand letter, Plaintiffs failed to accuse Defendants or reach out to law enforcement. To be sure, if these allegations were real and these individuals actually stole millions of dollars, as accused, Plaintiffs would have surely reported the matter to the police. Furthermore, throughout the Complaint, Plaintiffs allege that "upon information and belief" Defendants have been stealing millions of dollars from them since 2017! However, astonishingly, it was not until October 2024, after being

---

[1] *See Alvarado v. All Island Counter Tops & Millwork Inc., et al.,* No. 25-CV-0174 (E.D.NY.). ECF. No. 1.

informed that Defendants hired an employment attorney to represent them against Plaintiffs for their wage and hour violations, that Plaintiffs allegedly discovered this alleged scheme.

Nonetheless, not only do Defendants deny the allegations made in the Complaint, but Plaintiffs have failed to meet the requirements necessary to plead their numerous meritless claims. Simply stated, the Complaint is wholly deficient without specification or clarification as to the necessary facts surrounding the allegations and damages Plaintiffs allege, they suffered. This conduct should not be tolerated and Plaintiffs complaint should be dismissed in its entirety.

## I.  Applicable Legal Standard

Rule 12(b)(6) provides that a complaint should be dismissed where it fails to state a claim upon which relief can be granted. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Dismissal is thus appropriate where the complaint fails to allege for each claim and each defendant the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Furthermore, when pleading allegations of RICO, fraud, aiding and abetting fraud, breach of fiduciary duty related to fraud, unjust enrichment, or any claims related to fraud, the heightened pleading standard set forth in Rule 9(b) applies. This rule provides that "in all averments of fraud … the circumstances constituting fraud … shall be stated with particularity." *Leung v. Law*, 387 F.Supp.2d 105 (E.D.N.Y. 2005). To meet this exacting standard, a complaint "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292–93 (2d Cir. 2006). Plaintiffs must also allege facts that "give rise to a strong inference of fraudulent intent" by either alleging facts to prove that Defendants had both the motive and opportunity to commit the fraud, or by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Id.* at 290–91 (citation omitted).

## II.  Plaintiffs Failed to Sufficiently Plead Each Cause of Action

When there are multiple defendants, "Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud." *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 639 (E.D.N.Y. 2003). New York law also requires plaintiffs to plead particular facts demonstrating that a defendant had actual knowledge of underlying fraud or breach of fiduciary duty. However, "[t]he burden of demonstrating actual knowledge" is "a heavy one," and "even alleged ignorance of obvious warning signs of fraud will not suffice to adequately allege 'actual knowledge.'" *De Abreu v. Bank of America Corp.*, 812 F. Supp. 2d 316, 323 (S.D.N.Y. 2011). Here, Plaintiffs fail to meet this heightened standard and therefore its fraud, wire fraud, bank fraud, aiding and abetting fraud, and RICO claims should be dismissed.

Plaintiffs' allegations are bare, conclusory, and lacks supporting details based upon information and belief, which are insufficient to satisfy their heavy burden to plead actual

knowledge and specificity. Plaintiffs' Complaint also repeatedly alleges the same set of facts for each cause of action, that Defendants participated in the organized scheme to systematically steal, fraud, theft, conversion, and illicit a side business. *See* Complaint ¶¶ 104-105 113-115. However, these vague allegations mimic Plaintiffs' fraud, conversion, and aiding and abetting fraud claims which are especially insufficient to meet the heightened pleading standard. *Compare* Complaint ¶¶ 65 – 79, 95 – 100 with Complaint ¶¶ 112-124. Plaintiffs use of the same generalized allegations already alleged in their tort allegations is exactly what courts are warned to be on the lookout for at the motion to dismiss stage. *See Schmidt v. Fleet Bank,* 16 F. Supp. 340, 346 (S.D.N.Y. 1998) ("ordinary fraud case clothed in the Emperor's trendy garb"); *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 791, 967 N.E.2d 1177, 1185 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.").

Plaintiffs failed to plead specifics relating to who, when, where, or how these alleged misrepresentations occurred. Instead, Plaintiffs make sweeping allegations about all Defendants collectively instead of providing details about the alleged deceitful acts committed by each individual Defendant. Furthermore, despite the heightened standard required, Plaintiffs' Complaint massively asserts allegations "upon information and belief" and simply alleges that Defendants "knowingly" participated in the alleged scheme without pleading sufficient detail or disclosing the source of the information that led to that belief, which is insufficient. *See* Complaint ¶¶ 40, 42-46, 49-53, 55-66, 78; *Kanbar v Aronow,* 260 AD2d 182, 182 (1st Dept 1999).

Additionally, "when a breach of fiduciary duty claim is, in substance, a claim of fraud, the requirements of Rule 9(b) are triggered." *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 352 (E.D.N.Y. 2014). Here, Plaintiffs' fails to plead with particularity enough facts that demonstrate Defendants alleged misconduct or direct damages caused for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. Additionally, Defendants aiding and abetting a breach of fiduciary duty claim failed to allege any facts that could lead to an inference of actual knowledge or "substantial assistance." Based on Plaintiffs' Complaint, it is completely unclear how Defendants enabled an allegedly breach to occur.

Moreover, it is outlandish that Plaintiffs seek remedies in a civil court pursuant to a criminal statute. Plaintiffs should be admonished for this FRAUD on the Court and Plaintiffs' claim for bank fraud should be dismissed out of hand. Furthermore, Plaintiffs' Complaint fails to sufficiently plead its fraud related claims, therefore, aiding and abetting fraud, unjust enrichment, wire fraud, bank fraud, RICO violation, equitable accounting, conversion, and faithless servant causes of actions cannot lie without the underlying fraud or predicated acts having been sufficiently pled. Lastly, Plaintiffs' allegations fall outside the applicable statutes of limitation.

Overall, Defendants request a pre-motion conference to further prove that Plaintiffs failed to adequately allege factual content for each claim for each Defendant that would lead this Court to believe Defendants are liable.

We thank the Court in advance for its consideration of Defendants' request.

Respectfully Submitted,

Fitapelli & Schaffer, LLP
April 21, 2025
Page 4 of 4

          /s/ Brian S. Schaffer
          Brian S. Schaffer

*Counsel for Defendants Robert Alvarado, Jason Cassar, Jesus Guardado, Carlos Franca, Tania Serpas, Rommel Gutierrez, and Nicole Huebner*

CC:    Plaintiffs' Counsel and
        Defendant Rota Stone Inc.
        (via ECF)