# THE ENZA BRANDI LAW FIRM, PLLC

Attorney-at-Law
========================
310 West Hills Road
Huntington Station, New York 11746

Tel: (631) 757-7471
Fax: (631) 239-8728
eb@enzathelawyer.com
*Enza Brandi, Esq.*

April 25, 2025

**VIA ECF**:
Honorable Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11772

      RE:   *ALL ISLAND et. al. v. SERPAS, et. al.*
             File No: 2:2025-CV-00744

Dear Judge Azrack:

The instant correspondence is respectfully submitted on behalf of the Plaintiff, All Island Counter Tops & Millwork Inc. ["Plaintiff" or "All Island"], in response to the Defendants' letter request for a pre-motion conference in the above matter.

It bears first addressing Defense Counsel's intentional misrepresentation that my office "stonewalled" them. Counsel conveniently neglects to advise this Court that they are referring to a wholly <u>separate</u> litigation entitled *Alvarado v. All Island Counter Tops & Millwork Inc.*, 2:2025-CV-174. To Counsel's multiple emails (which were followed by an overnight package even after I repeatedly responded), I advised them that I was *never retained for that litigation,* and that I cannot and will not execute documents where I have no legal authority to do so.

Addressing Defense Counsel's Rule 12(b)(6) motion first, it is clear from the Complaint that each of the causes of action, taken in conjunction with the fact pattern alleged, is indeed sufficiently pled and not "bare bones" allegations as Counsel alleges. However, lest there be any question as to specificity of the facts alleged, Plaintiff intends to amend their Complaint pursuant to Rule 15(a)(1)(B) as Plaintiff continues to uncover more and more proof of the Defendants' systemized theft, which Defendants attempted unsuccessfully to hide. The amendment shall include specificity as to the hundreds of thousands of dollars in stolen materials for Defendants' "side jobs," the corresponding debits for the stolen materials showing in Plaintiff's account, the wire fraud practiced by use of Plaintiff's Quickbooks system to purchase materials through Plaintiff's bank accounts, and the theft of time and labor for Defendants' "side jobs" performed during working hours.

In addition, Defendants attempt to support their position by repeating that Plaintiff has not sought criminal penalties against these Defendants for their egregious acts. Suffice it

to say that the pendency of a criminal proceeding, or lack thereof, has no bearing on the ability to bring a civil action. *See, e.g., Sedima, SPRL v. Imrex Co.*, 473 US 479, "Racketeering activity consists not of acts for which Defendant has been convicted, but of acts for which he could be." In addition, Counsel's implication that this is somehow proof that the allegations against these Defendants are false, simply has no place in a Rule 9(b) or 12(b)(6) motion.

Finally, Counsel makes a blanket statement that dismissal is proper because "Plaintiffs seek remedies in a civil court pursuant to a criminal statute." Without Counsel having identified the cause of action or criminal statute to which he refers, it is impossible to respond to this questionable allegation. Assuming Counsel is referring to the RICO claims, New York State and Federal Courts have long recognized civil RICO claims and the imposition of treble damages to those who are liable. Title IX of the Organized Crime Control Act of 1970, codified at 18 U.S.C. §§ 1961-1968, provides for both criminal and civil remedies, with RICO's civil remedies are set forth in 18 U.S.C. § 1964(a).

I thank the Court, and await its response.

Very truly yours,

*Enza Brandi*

ENZA BRANDI, ESQ.